RYAN E. HATCH (SBN 235577)
**HATCH LAW PC**
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Telephone: 310-279-5076
ryan@hatchlaw.com

ALAN D. SEGE (SBN 177350)
**ALAN SEGE, ESQ. PC**
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Telephone: 310-957-3301
alan@alansege.com

*Attorneys For Plaintiff Actian Corporation*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ACTIAN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ITRON, INC.<br><br>    Defendant. | Case No. 5:25-cv-08914-BLF<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date and Time: January 22, 2026 at 11:00 AM PST<br><br>Assigned Judge: Beth Labson Freeman |

Plaintiff, Actian Corporation ("Plaintiff" or "Actian") and Defendant Itron, Inc. ("Itron" or "Defendant") submit this Amended Joint Case Management Statement. The parties previously submitted a Joint Case Management Statement on January 9, 2026 (ECF No. 21) pursuant to the Court's Standing Order for All Judges of the Northern District of California.

The previously filed Joint Case Management Statement included competing scheduling proposals. The parties have reached an agreement on a proposed schedule, which is included in this Amended Joint Case Management Statement. Inclusion of the parties agreed proposed schedule is only amendment to the previously filed Joint Case Management Statement.

**1.     Jurisdiction and Service**.  This Court has subject matter jurisdiction over plaintiff's claims under 28 U.S.C. § 1331 and § 1338 (federal question, arising under the Copyright Act, 17 U.S.C. §§ 101 et seq.) and 28 U.S.C. § 1332 (diversity of citizenship).  The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.  Service is complete and jurisdiction and venue are not contested.

**2.     Facts**.   This dispute arises from Itron's use of Actian's "Pervasive PSQL" or "Actian Zen" relational database management software (the "Software").  Itron, a Washington corporation, alleges that it has purchased and licensed certain of the Software from Actian, its distributor, or Actian's predecessor since approximately 2007.  Itron further alleges that some of Itron's customers also purchased and licensed the Software from Actian, or its distributor, for use in connection with Itron's products.  Actian alleges that in the autumn of 2024, an Itron project manager inquired Actian to procure licenses for a small number of copies of the Software, and Actian's representative provided a questionnaire, which Itron's project manager filled out. Following receipt of the responses, Actian believes that Itron had been using, reproducing and distributing copies of the Software in ways that Actian believes to be in violation of, and outside the scope of, the terms of the EULAs, and without the correct license, including by hosting applications for third parties and by distributing copies of the Software to third parties. Actian subsequently requested an audit of Itron's records and systems. Itron disputed the scope of the requests, but alleges that it nonetheless provided information both in writing and in meetings

between the parties in response to Actian's requests.  Actian contends that Itron has been engaging in unlicensed distribution of the software – which Actian contends is piracy – on a potentially large scale. Further, Actian believes that Itron has been distributing copies of Actian's Software that are outside of the scope of any license that Itron, or Itron's customers acting on Itron's specifications, has ever purchased from Actian or any of its distributors.  Itron disputes these allegations.

     **3.**    **Legal Issues**.  The principal legal issues are likely to include: (1) whether Itron is a party to the contracts Actian alleges it has materially breached; (2) whether Itron breached any terms of its agreements with Actian; (3) whether Actian's claims are barred, in whole or in part, by the applicable statute of limitations;  (4) whether Itron has directly or indirectly infringed upon Actian's copyrights; (5) whether Actian's copyright claims should be dismissed because the allegations relate to alleged breaches of covenants in the license agreements; (6) whether Actian's copyright claims are barred by the doctrine of implied license; (7) whether Itron was negligent; (8) whether Actian's negligence claim is barred by the economic loss rule; and (9) whether Actian is entitled to any recoverable damages or meets the requirements for obtaining an injunction.

     **4.**    **Motions**.  On December 12, 2025, Itron filed its Motion to Dismiss the Complaint. The parties have stipulated that the response and reply are due on January 16, 2026 and January 30, 2026, respectively. The hearing on this motion will be held on March 26, 2026 at 9:00am PST.

     **5.**    **Amendment of the Pleadings**.  Actian is considering whether to amend its Complaint in view of the motion to dismiss.

     **6.**    **Evidence Preservation**. Actian and Itron hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**. The parties will make their initial disclosures of the information required by Fed. R. Civ. P. 26(a)(1)(A) on or before January 13, 2026.

**8.    Discovery**.  Discovery is likely to be necessary concerning the factual and legal issues identified above.  The parties agree to discuss and consider whether a stipulated e-discovery order is appropriate. The parties agree that the default discovery limits set forth in the Federal Rules of Civil Procedure shall apply. The parties agree that a stipulated protective order is appropriate to protect material that must be kept confidential. These limits are subject to modification by consent of the parties, or by motion to the Court if needed.

**9.    Class Actions**. Not applicable.

**10.    Related Cases**. None pending.

**11.    Relief**. Discovery is necessary for Actian to estimate the full extent of damages being sought, and damages may also be the subject of expert discovery.  Itron denies any liability and denies that Actian is entitled to any relief.

**12.    Settlement and ADR**. In accordance with ADR L.R. 3-5, the parties agree to conduct mediation at a mutually agreeable time which they presently intend to do no later than 90 days after resolution of Itron's Motion to Dismiss, and before a private mediator that the parties will jointly select.

**13.    Other References**. The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**. The parties believe that any of the factual or legal issues could potentially be narrowed by stipulation. Itron believes that the legal issues raised in its Motion to Dismiss will be narrowed by the Court's ruling on that Motion.  At this time, the parties have divergent positions on such issues but will continue to explore the potential for narrowing as the case proceeds.

**15.    Scheduling**. The parties have reached an agreement on the proposed schedule, set forth below:

Deadline to amend or add parties:         March 31, 2026

| | | |
|---|---|---|
| 1 | Fact discovery cutoff: | November 13, 2026 |
| 2 | Designation of experts and reports: | November 30, 2026 |
| 3 | Designation of rebuttal experts and reports: | December 21, 2026 |
| 4 | Expert discovery cutoff: | January 22, 2027 |
| 5 | Dispositive / *Daubert* motion deadline: | February 5, 2027 |
| 6 | Last day to hear dispositive / | |
| 7 | *Daubert* motions: | March 4, 2027 |
| 8 | Joint pretrial conference statement: | March 18, 2027 |
| 9 | Pretrial conference: | 1:30 p.m. on April 1, 2027 |
| 10 | Trial: | 9:00 a.m. on April 19, 2027 |

**16.** **Trial.** The parties anticipate a jury trial between 5-7 days.

**17.** **Disclosure of Non-party Interested Entities or Persons**. The parties have made the certification required by Civil L.R. 3-15. Actian discloses that it is a privately held company, is wholly owned by HCL Technologies, and that no publicly held corporation directly owns 10% or more of its stock. Defendant is a publicly held company with no parent company. BlackRock Inc. and Vanguard Group, Inc. each own more than 10% of Itron's outstanding stock and Itron is unaware of any other publicly held company that owns 10% or more of its stock.

**18.** **Professional Conduct**. All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** **Other References**. Neither party has consented to the jurisdiction of a magistrate judge for trial, but consent to a magistrate judge for resolution of discovery issues.

Respectfully submitted,

Dated: January 21, 2026   By:   /s/ *Ryan E. Hatch*

Ryan E. Hatch
**HATCH LAW PC**
13323 Washington Blvd., Ste. 302
Los Angeles, CA 90066
Telephone: (310) 279-5076
Facsimile: (310) 693-5328
ryan@hatchlaw.com

| | |
|---|---|
| | *Attorney for Plaintiff Actian Corporation* |
| Dated: January 21, 2026 | By:  /s/ *Jennifer Rappoport* |
| | **BOTKIN CHIARELLO CALAF PLLC**<br>JENNIFER RAPPOPORT<br>SBN 210879<br>1209 Nueces Street<br>Austin, Texas 78701<br>Telephone: (512) 960-4162<br>jennifer@bccaustin.com |
| | *Attorney for Defendant Itron, Inc.* |

The Court hereby enters the schedule proposed by _____ as set forth above.

**IT IS SO ORDERED** this _____ day of _____, 2026.

_____
The Honorable Beth Labson Freeman
United States District Judge

### ATTESTATION UNDER CIVIL LOCAL RULE 5- 1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other signatories to this document have concurred in its filing.

*/s/ Ryan E. Hatch*
Ryan E. Hatch