United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ACTIAN CORPORATION,
Plaintiff,
v.
ITRON, INC.,
Defendant.

Case No. 25-cv-08914-BLF

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[Re: ECF No. 39]

Before the Court is Itron's motion to dismiss Actian's first amended complaint. *See* ECF Nos. 35 ("FAC"), 39 ("Mot."), 48 ("Opp."), 49 ("Reply"). The Court heard argument on September 24, 2026. ECF No. 55 ("Tr.").

For the following reasons, the motion to dismiss is DENIED.

## I. BACKGROUND

This case is about software licensing agreements. Actian offers a database management system called Actian Zen, formerly known as Pervasive PSQL ("the Software"). Itron offers technology products for managing energy and water utilities. Itron's products "rel[y] on and use[]" the Software. FAC ¶ 24.

Access to the Software is governed by End User License Agreements ("EULAs"). The EULAs relevant here are Versions 8, 9, 10, 11, 12, 13, 14, and 15, which correspond to different versions of the Software. FAC ¶ 2, Exs. A–H. Only Version 15 has been federally registered for copyright. FAC ¶ 80.

The EULAs restrict use of the Software based on the type of license purchased. For example, with respect to Version 14, Actian offers a restrictive "single-user" license. Actian also offers, in contrast, a broadly permissive (and thus more expensive) "Vx Server" license that permits the user to "provide Software access to many users" and deploy the Software on cloud servers, among other

permissions. FAC ¶ 34.

Two years ago, Itron reached out to Actian to procure licenses for additional copies of the Software. Subsequent communications revealed, Actian alleges, that Itron had been using, reproducing, and distributing the Software beyond what the governing licenses permitted. Actian then demanded an audit of Itron's records and systems. Itron refused. Itron also refused to negotiate for a license or compensate Actian for the alleged unlicensed distribution of the Software.

Actian sued. The original complaint asserted five claims: (1) breach of contract; (2) copyright infringement; (3) contributory copyright infringement; (4) vicarious copyright infringement; and (5) negligence. ECF No. 1 ¶¶ 53–102 ("Compl."). Itron moved to dismiss under Rule 12(b)(6), and the Court granted the motion. ECF No. 34 ("Order"). The Court dismissed the breach of contract claim with leave to amend because the complaint alleged breaches of Versions 8, 9, 10, 11, 12, 13, 14, and 15 of the EULAs but only used Version 14 as the exemplar, which was insufficient to give Itron fair notice as to the allegations against it. Order at 8–11. The Court dismissed the copyright infringement claim (and with it the secondary infringement claims) with leave to amend because the complaint failed to allege sufficient facts to support the allegations that Itron infringed Actian's copyrights by distributing the Software. Order at 5–9. And the Court dismissed the negligence claim with prejudice because it found the claim was barred by the economic loss rule. Order at 11–12.

Actian then filed an amended complaint, asserting four claims: (1) breach of contract; (2) copyright infringement; (3) contributory copyright infringement; and (4) vicarious copyright infringement. FAC ¶¶ 57–103.

Itron moves to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). In evaluating a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party."

*Id.* To pass muster under Rule 12(b)(6), a complaint need not contain "detailed factual allegations" but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**B. Leave to Amend**

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendment; (4) undue prejudice to the opposing party; or (5) futility of amendment *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

Itron argues that each of Actian's four causes of action fail to state a claim upon which relief may be granted.

**A. Count 1: Breach of Contract**

**1. Existence of a Contract**

First, Itron argues that the breach of contract claim fails because Actian has not adequately alleged the existence of a contract between the parties. Specifically, Itron contends that Actian "never alleges which of the 21 different EULAs" attached to the FAC "Itron is allegedly party to." Mot. at 5.[1] Actian counters that it "allege[d]" that "all" 21 EULAs were "breached." Opp. at 5 (citing FAC ¶ 61.

The Court finds the Actian has adequately pled the existence of a contract between the parties. Unlike the original complaint, the amended complaint added every EULA Itron is alleged

[1] The Parties are advised to review the Court's Standing Order Re Civil Cases § IV.F for future filings, which provides that "[f]ootnotes shall be no less than 12-point type," "double-spaced[]" and "shall not be used to cite to legal authorities or evidence." *Compare* Reply at 3 n.3 (footnote citing legal authorities).

United States District Court
Northern District of California

to have breached. *See* FAC Exs. A–H. The amended complaint also identifies which provisions of the various EULAs Itron is alleged to have breached. *See* FAC ¶ 61.

These amendments cure the Court's concerns about the original complaint. The Court previously held, in dismissing the original complaint, that it failed to "generally put [Itron] (and the Court) on notice as to what material obligations of each agreement have allegedly been breached[]" because the complaint alleged breaches of Versions 8, 9, 10, 11, 12, 13, 14, and 15 of the EULAs but only presented Version 14 as the exemplar. Order at 8–11. The Court also advised that Actian "is not required at th[e] [pleadings] stage to allege the terms of each EULA with precision or to disaggregate the alleged wrongful acts with reference to each EULA." Order at 10. Now, the amended complaint provides, in the Court's view, sufficient notice as to (1) which EULAs are asserted; and (2) which material provisions of each EULA Itron is alleged to have breached. *Cf. Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015) ("[I]t would be unreasonable to require a plaintiff to demonstrate the precise ways in which Defendants may have used [their] trade secrets, given that Defendants are the only ones who possess such information." (cleaned up)).

*Svenson v. Google* does not countenance a different outcome. 65 F.Supp.3d 717, 723 (N.D. Cal. 2014); *see* Mot. at 6. There, the deficiency was not that the plaintiff alleged that "just one of three different documents constituted the 'contract,'" as Itron suggests, but that the plaintiff "fail[ed] to attach the [three] agreements" to the complaint. Mot. at 6; *Svenson*, 65 F.Supp.3d at 722–23. In fact, contrary to Itron's characterization, the plaintiff in *Svenson* "claim[ed] that" all three agreements constituted "valid and enforceable contract[s] between" the parties. *Svenson*, 65 F.Supp.3d at 723 ("Plaintiff claims that the [first contract] and [second contract], as incorporated into the [third contract], constitute a valid and enforceable contract between [the parties]." (cleaned up)). In any event, here, Actian alleges that Itron breached all 21 EULAs, not an indeterminate subset of such. Opp. at 5.

**2. Breach**

Itron argues that the breach of contract claim also fails because Actian has failed to adequately plead breach. The FAC advances three theories of breach: Itron (1) "us[ing] the Software

United States District Court
Northern District of California

in a commercial, revenue-generating deployment"; (2) "violating provisions regarding concurrent users"; and (3) "refusing to permit Actian to conduct an audit." FAC ¶ 61.

To start, Itron argues that Actian has not adequately alleged breach because the EULAs "contain vastly different terms." Mot. at 6. For example, Version 11 "expressly allows multiplexing with the Server Edition," while Version 14 allows multiplexing under the "Vx Server Edition Capacity-based License." Mot. at 6 (citing FAC ¶¶ 38–39; ECF No. 35-4 at 4). Actian counters that it is immaterial that some of the EULAs contain different terms; it only needs to plead a single breach for each EULA. Opp. at 8 (collecting cases). Actian is correct. On the pleadings, for each of the EULAs, Actian need only sufficiently allege that Itron breached one provision, not all three. *See* Opp. at 8. *Cf. In re Amazon Consumer Speech Litig.*, 2025 WL 2995046, at *3 (C.D. Cal. Aug. 15, 2025) (declining to dismiss a theory of liability rather than an entire claim).

Itron next argues that Actian fails to plead sufficient facts to sustain its three theories of breach. Mot. at 9–11. The Court disagrees. To start, because Actian's three theories of breach remained unchanged from the original complaint, the Court enjoys the discretion to find that Itron waived these arguments by failing to raise them in the previous round of briefing. *See Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 WL 2690437, at *2 n.1 (N.D. Cal. July 8, 2011) ("Federal Rule 12(g)(2) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion.").

But even if the Court were to consider Itron's arguments on the merits, the Court finds that Actian has sufficiently pled two of its three breach theories.

***First***, regarding the theory that Itron's commercial use of the Software went beyond mere "internal business purposes," the amended complaint alleges that Itron's own system products rely on the Software, with at least 500 companies using the MV-90 system in particular. FAC ¶ 5. Those allegations are sufficient at the pleadings stage. *See, e.g.*, *UL Covetrus, Inc. v. Actian Corp.*, 2026 WL 322629, at *1 (D. Me. Feb. 6, 2026) (recognizing factual disputes regarding whether the defendant "allowed third parties access in violation of the commercial use provision"). Itron raises serious factual questions regarding whether Itron's treatment of the Software ran afoul of the "internal business purposes" requirements—that is, Itron argues that its software merely

"interoperates" with the Software such that it never used the Software beyond for "internal business purposes"—but those factual questions are not ripe for resolution at the pleadings stage. *See* Mot. at 7–8; *Sinclair*, 61 F.4th at 678.

***Second***, regarding the theory that Itron permitted concurrent users of the Software in excess of the EULAs' permissions, Itron argues that Actian's concurrent-users theory fails because Actian does not allege "the number of actual Itron users on any particular instance of the Software" such that Itron can "determine when it is alleged to have exceeded the authorized user count . . . ." Mot. at 8. The Court agrees that Actian's allegations with respect to its concurrent-users theory is quite scant on the facts. *Compare Actian,* 2026 WL 322629, at *1 (recognizing factual dispute over whether the defendant "engaged in over-deployment"). But again, to survive a motion to dismiss, Actian need only plead that Itron breached one provision in each EULA, so the deficiencies of the concurrent-users theory does not sink the breach of contract claim altogether. *See Amazon*, 2025 WL 2995046, at *3.

***Third***, regarding the theory that Itron breached its obligation to permit Actian to conduct an audit, Itron argues that Actian has not alleged—as it must under California law—that Actian itself performed under the audit provision by providing five days of notice before an audit attempt. *See* Mot. at 9 (citing *Langan v. USAA*, 69 F.Supp.3d 965, 979 (N.D. Cal. 2014)). But Actian has alleged that it "performed under the" EULAs "by providing the Software to Itron and its customers." FAC ¶ 60. That is sufficient at the pleadings stage.

* * *

Based on the foregoing, the Court is satisfied that Actian has averred sufficient facts to plead breach of the EULAs. Itron raises serious factual disputes, but factual disputes do not defeat the complaint on the pleadings.

The motion to dismiss Count I is DENIED.

**B. Count 2: Copyright Infringement**

Actian alleges that Itron's (1) distribution of the Software; (2) reproduction of the Software;

and (3) violation of license conditions constitute copyright infringement.[2] Itron argues that Actian fails to plead all three infringement theories.

***First***, with respect to distribution, Itron argues that Actian fails to allege infringing distribution because, beyond conclusory recitations, the amended complaint only alleges that Itron distributed *license keys* (which is not infringement)—not that Itron distributed the *Software* (which would be infringement). *See* Mot. at 10–11. Actian counters that it indeed alleged that Itron distributed the Software itself in addition to purchasing (and distributing) license keys. The Court agrees that Actian has pled sufficient facts to allege that Actian "distributed" the Software. *See* FAC ¶ 70 ("Itron's . . . meter reading software" that "used the Software" was "distribute[d] . . . to the customer" and "installed on on-premises computers/servers owned by Itron's customers.").

***Second***, with respect to reproduction, Itron argues that its "reproductions of the Client Software" was permitted under a subset of the EULAs, which provide that the licensee "may make a reasonable number of copies" of the Software. Mot. at 15. Actian counters that (1) "Client Software" is distinct from the Software; and (2) that Itron only discusses Version 10's "reasonable number of copies" provision, whereas Actian alleges Itron used *all* versions of the Software. Opp. at 15–16. The Court notes that (1) whether "Client Software" is distinct from the Software; and (2) for which versions Itron's conduct is or was permitted under the "reasonable number of copies" provision, appear to be factual questions that would benefit from further factual development. On the pleadings, Actian has alleged adequately sufficient facts to allege that Itron reproduced the Software without authorization. *See* FAC ¶ 74 ("Itron upgrades the customer systems to a more recent version of [its product] that . . . reproduces a copy of Software into the customer's [] system . . . .").

***Third***, Itron also argues that Actian fails to allege the violation of any license condition. *See* Mot. at 13–18. Itron's argument here recasts a prior argument under different cover: the grievance, in essence, is that the additional EULAs differ in material ways, and that certain conduct permissible

---

[2] With respect to attorney's fees and statutory damages, the parties clarified at the hearing that there was agreement that Version 15 was the only EULA that was federally registered, and thus the only version that Actian could seek attorney's fees and statutory copyright damages on. *See* Tr. at 35:8–17; FAC ¶ 80.

United States District Court
Northern District of California

under one is impermissible under another. *Compare* Opp. at 5. Actian counters that it has pled that Itron distributed the Software, which is itself a license condition. *See* Opp. at 16, 18. The Court agrees, at least with respect to Version 14. *See* Order at 8 ("[T]he plain meaning of [Section 2.1(a) of the Version 14 EULA] is that the suite of rights and obligations contained in the EULAs is conditioned upon the licensee using the Software on a single server for the licensee's own purposes, i.e., refraining from distributing copies of the Software."). Moreover, Itron appears to acknowledge, that "use of the Software [being] allowed only" "only a single Server" is a "consistent thread running through all the EULAs[.]" Mot. at 16.

* * *

Based on the foregoing, the Court is satisfied that Actian has adequately pled copyright infringement. *Compare Actian Corporation v. AutoClerk et al.*, Case No. 25-cv-09136, Dkt. No. 38 (N.D. Cal., Apr. 10, 2026); *Actian Corporation v. Sabre Corporation*, Case No. 25-cv-10731, Dkt. No. 31 (N.D. Cal., June 17, 2026).

The motion to dismiss Count II is DENIED.

**C. Count 3: Contributory Copyright Infringement**

Itron argues that Actian's contributory copyright infringement theory fails as a matter of law because the complaint "does not identify any third-party infringer," instead defining the relevant parties as "users and licensees." Mot. at 19 (quoting FAC ¶ 19). Among other requirements, a contributory copyright claim requires the defendant to have had knowledge of third-party infringing activity. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Itron also argues that the complaint's allegations of knowledge are contradicted by Actian's failure to exercise its authority to validate Itron's use of the Software. Mot. at 19–20. Actian counters that the distinction Itron attempts to draw between third-party infringers and "users and licenses" is mere semantics. Opp. at 20. Actian also argues that, with respect to the complaint's allegations of knowledge, that Itron attempts to raise (and resolve) factual disputes in Itron's favor, which is improper on a Rule 12(b)(6) motion. Opp. at 20–21.

The Court finds that Actian adequately pleads contributory copyright infringement. The Court does not discern a material difference between "third-party infringer" and "users and

United States District Court
Northern District of California

licensees," and even if it did, would make the reasonable inference that the "users and licensees" referenced in the complaint were third parties because those parties are neither Actian nor Itron. With respect to the argument that Actian acquiesced by failing to validate Itron's use of the Software, the Court finds that whether Actian acquiesced is a factual issue that is not proper to decide on the motion to dismiss posture.

Based on the foregoing, the Court is satisfied that Actian has adequately pled contributory copyright infringement.

The motion to dismiss Count III is DENIED.

**D. Count 4: Vicarious Copyright Infringement**

Itron argues that Actian fails to plead vicarious copyright infringement because Actian has not pled that Itron "had a direct financial interest in" the allegedly infringing activity. Mot. at 20 (citing *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 965, 1071 (N.D. Cal. 2014). Actian must, in Itron's view, "show that individuals sought out [Itron's products] specifically because of the availability of infringing material." Mot. at 20 (quoting *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1126 (N.D. Cal. 2025). Actian counters that the complaint gives rise to the reasonable inference that "the Software draws customers to Itron's products." Opp. at 21–22.

The Court finds that Actian adequately pleads that customers sought out Itron's products specifically because of the alleged presence of infringing material—the Software—therein. Indeed, the complaint alleges that the Software is "essential for Itron and its customers' success" and "provides significant business value to Itron and its customers" because it "allows for provision of secure, accurate, and reliable data," "delivers operational efficiency," and is "used in and by smart networks." Opp. at 22 (quoting FAC ¶ 28). These are not mere conclusory assertions. Rather, they collectively give rise to the inference that Itron's customers sought out Itron's products specifically because of the presence of the Software.

Based on the foregoing, the Court is satisfied that Actian has adequately pled vicarious copyright infringement.

The motion to dismiss Count IV is DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Itron's Motion to Dismiss the First Amended Complaint is DENIED. Itron SHALL file an answer to the First Amended Complaint no later than October 29, 2026.

Dated: October 8, 2026

BETH LABSON FREEMAN
United States District Judge