United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ACTIAN CORPORATION,

Plaintiff,

v.

ITRON, INC.,

Defendant.

Case No. 25-cv-08914-BLF

**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

[Re: ECF No. 64]

Before the Court is Actian's motion for relief from a discovery order. The parties jointly filed a letter brief setting forth their respective positions over a discovery dispute. *See* ECF No. 56 ("Letter"). The parties disputed the propriety of Actian's written discovery requests seeking information about Itron's finances. Judge Cousins resolved the dispute in Itron's favor, Actian moved for relief therefrom, and the Court set a briefing schedule under L.R. 72-2(d). *See* ECF Nos. 57, 64 ("Mot."), 65, 67 ("Opp."). For the following reasons, the motion for relief is DENIED.

## I. BACKGROUND

Actian sued Itron for copyright infringement of Actian's data management software (the "Software"). *See* ECF No. 35 ("Compl."). Use of the Software is governed by license agreements ("EULAs"), and Itron is alleged to have breached the EULAs by, "among other things, reproducing copies of . . . the Software . . . and [] distributing copies of the Software . . . ." Letter at 1.

Relevant to this dispute, Actian served the following discovery requests on Itron:

> **(1)** RFP 6 seeking "Documents and Communications sufficient to identify all revenue obtained directly or indirectly from Your use of the Software …."
>
> **(2)** RFP 9 seeking "Documents and Communications sufficient to identify Your gross revenues since Itron first purchased or used the Software to present"; RFP 10 seeking "Documents and

> Communications sufficient to identify all deductible expenses relating to revenues identified in response to Requests for Production Nos. 6 and 9 and Interrogatory No. 6."
>
> **(3)** RFP 11 seeking "Documents and Communications sufficient to identify all elements of profit attributable to factors other than the copyrighted work relating to the revenues identified in response to Requests for Production Nos. 6 and 9 and Interrogatory No. 6."; and
>
> **(4)** RFP 12 seeking "Documents and Communications sufficient to identify all revenues obtained by Your customers through use of the Software…."

Letter at 2 (cleaned up). Of note, these requests sought information "since Itron first purchased or used the Software to present." *Id.* That is a period of "nearly twenty years." Opp. at 1. Itron opposed the temporal scope of the information sought and proposed a compromise to produce financial information from October 2022 to October 2026. *See* Letter at 5.

Judge Cousins resolved the dispute in Itron's favor. The order provided in full as follows:

> The Court agrees with Itron that 20 years of discovery on Actian's copyright claims is overly broad and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Court therefore approves Itron's proposed compromise as the more reasonable position. Itron is ordered to produce by 10/30/2026 information identifying its gross revenues, revenues, deductible expenses, and non-attributable profits from (1) relevant hosted IEE Service Mode instances and (2) professional services for MV-90 upgrades, from 10/1/2022 onward. No fees or costs awarded.

ECF No. 57.

Actian moves for relief therefrom.

## II. LEGAL STANDARD

A district court may reconsider a magistrate judge's non-dispositive order under Fed. R. Civ. P. 72(a) "only if it is 'clearly erroneous or contrary to law.'" *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard is not easily satisfied because it affords the magistrate judge significant deference." *Brown v. Google, LLC*, 2022 WL 2289059, at *1 (N.D. Cal. Apr. 4, 2022) (citing *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001)). "[T]he reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* (citing *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).

## III. DISCUSSION

Actian argues that the magistrate order is clearly erroneous and contrary to law because the order (1) "set forth no legal analysis indicating that it considered any relevant factor"; (2) made sua sponte proportionality findings that were unsupported by evidence; (3) barred discovery based on an unproven statute-of-limitations defense; (4) adopted Itron's unreasonable compromise that "improperly limited Actian's claim." *See* Mot. at 2–5. Alternatively, Actian requests that the Court order the parties to "confer and agree to a mutual discovery cutoff . . . ." Mot. at 5.

Itron counters that (1) "[n]o more is required" beyond the order "identif[ying]" Fed. R. Civ. P. 26(b)(1) and "recit[ing]" that the order "is applying its proportionality standard"; (2) the Court was not "required to provide a written order regarding each and every one of [Actian's] arguments"; (3) that evidence of burden, such as a "sworn burden affidavit," is not required; (4) the order ruled on proportionality grounds, not relevance; (5) limiting discovery to the "period of plausibly actionable conduct" is proper; and (6) Actian's grievance is one of its own making because Actian failed to propose a compromise. *See* Opp. at 3–5. Itron also argues that Actian's alternative request for further conference is "fundamentally unfair" and would "reduce the role of the magistrate judge to a 'mere dress rehearser.'" Opp. at 5 (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

To start, the Court finds the order's proportionality analysis sufficient. Relevant information is discoverable if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The order identifies the operative legal standard and succinctly provides that "20 years of discovery" is facially "overly broad" and disproportionate. ECF No. 57. To the extent Actian argues that the order did not expressly consider "the importance of the issues at stake," "the amount in controversy," and the other considerations set forth in Fed. R. Civ. P. 26, it is implicit in the order that the magistrate judge deemed these considerations outweighed by the facial unreasonableness of "20 years of discovery." ECF No. 57.

Nor is the Court convinced that a finding of disproportionality ***requires*** evidence of burden. *Contra* Mot. at 3. Actian's authorities are simply inapposite. In *Ingram v. Pac. Gas & Elec. Co.*, the court's analysis that the party resisting discovery "introduced no evidence showing how difficult it would be to obtain the relevant information" was responsive specifically to the magistrate judge's finding of undue burden, not disproportionality. *See* 2013 WL 6174487, at *5 (N.D. Cal. Nov. 25, 2013). And *In re Subpoena to PayPal Holdings, Inc.*, does not create a categorical rule requiring "competent evidence" prior to a finding of burden. 2020 WL 3073221, at *2 (N.D. Cal. June 10, 2020). Rather, it stands for the uncontroversial proposition that, should the movant "establish[] that the information sought is relevant," the nonmovant "bears the burden of showing that discovery should not be allowed, and also has the burden of . . . supporting its objections with competent evidence." *Id.* Actian unavailingly tries to twist a burden-shifting framework into a categorical evidentiary bar.

In sum, the Court thus discerns no error in the form or analysis of the order, and it bears emphasis that the magistrate judge is "afford[ed] . . . significant deference." *Brown*, 2022 WL 2289059, at *1.

The appropriateness of the remedy fashioned is a different issue. Because the Court deemed Actian's requests disproportionate, and because Actian failed to propose a compromise, the order adopted Itron's proposed compromise "as the more reasonable position." ECF No. 57.

The issue here is one of temporal scope. A copyright holder may "recover . . . profits of the infringer that are attributable to the infringement" but must "present proof [] of the infringer's gross revenue." 17 U.S.C. § 504(b). Copyright infringement claims have a three-year statute of limitations. *See* 17 U.S.C. § 507(b). But critically, this statute of limitations is subject to tolling: "the three-year limitations period runs . . . from the date when the copyright holder ***knew or should have known*** of the infringement." *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022) (emphasis added).

The magistrate judge was presented with two maximalist discovery positions: Itron's position (four years of discovery) assumed it would win on every one of its statute-of-limitations defenses; Actian's position (twenty years of discovery) assumed it would defeat them. *Compare*

United States District Court
Northern District of California

Letter at 4 ("There is no serious grounds for dispute that Actian had been at least constructively aware of such 'distribution' for the last 20 years.") *with* Letter at 2 ("The statute of limitations issue cannot be resolved in a discovery dispute . . . ."). Critically, however, Actian never proposed a compromise. That failure is dispositive here. Under the highly deferential standard governing this Court's review, the Court cannot say that the magistrate judge committed clear error or acted contrary to law by exercising his discretion to adopt the only proposed compromise in front of him. *Brown*, 2022 WL 2289059, at *1; *Grimes*, 951 F.2d at 241.

Lastly, the Court is not inclined to grant Actian's alternative second-bite-at-the-apple request for further conferencing. *See* Mot. at 5. The parties have already had ample time to negotiate and reach compromise.

## IV. ORDER

For the foregoing reasons, the motion for relief is DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2026

BETH LABSON FREEMAN
United States District Judge